IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action |
| | ) | No. 05-03147-01-CR-S-ODS |
| RANDY FITZPATRICK, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on defendant's Motion to Suppress Evidence and Statements. The government has responded.

Defendant asserts that evidence seized as a result of a state search warrant executed on June 15, 2005, should be suppressed. He contends that: the impartial magistrate requirement of the Fourth Amendment was not met because Prosecutor Ron Cleek and his staff were biased and prejudiced, and further, that Judge Waters did not adequately review the complaint and affidavit; that Officer Murray's affidavit did not present facts, but rather, conjecture, speculation or conclusions, and therefore, the warrant was defective because it lacked probable cause to be valid under the Fourth Amendment; that the warrant did not identify the property or person to be searched or seized with sufficient particularity; that there was no basis to support the warrant's authorization for the officers to search any individuals or vehicles present on the search situs; that there was not a basis for the judge to issue a no knock warrant; that there is no alternative warrantless theory for the officers to have entered defendant's home; and that the exclusionary rule should not apply.

The law is clear that a warrant is supported by probable cause if, "given all the circumstances set forth in the affidavit . . ., including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability" that contraband or evidence of a crime will be found in the place to be searched. United States v. Edmiston, 46 F.3d 786, 789 (8th Cir. 1995), quoting Illinois v. Gates, 462 U.S. 213, 238 (1983). Affidavits should be read in a "common-sense and realistic fashion" and judges must make a practical decision based on the totality of the circumstances. United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995) (citation omitted). In determining for suppression purposes the validity of a warrant, the court must determine whether there was a "substantial basis" for the probable cause determination. Gates, 462 U.S. at 238. "When we review the sufficiency of an affidavit supporting a search warrant, great deference is accorded the issuing judicial officer." U.S. v. Fulgham, 143 F.3d 399, 400-01 (8th Cir. 1998) (citation omitted).

Having fully reviewed the record and supporting documents, the Court agrees with the government's position that defendant's allegations of judicial and prosecutorial misconduct have no basis in fact, are wholly unsupported, and do not form a basis for suppressing the evidence. Defendant has failed to demonstrate that Prosecutor Cleek was biased against defendant at the time the search warrant was sought because of the attorneys he hired. Further, it appears clear that, in a state court proceeding, defendant was unable to demonstrate any bias by Prosecutor Cleek or his office. Additionally, defendant's claim that Judge Waters did not adequately review the warrant because the complaint, affidavit, and search warrant all indicate the time as 10:15 a.m. is speculative and borders on frivolous. Accordingly, it must be recommended that the motion to suppress on this basis be denied.

It is defendant's further contention that the information contained in the affidavit in support of the search warrant was insufficient to establish probable cause.

The government counters that there was a substantial basis to support a probable cause determination in this case, based on the information contained in the affidavit that Cory Fitzpatrick provided to Officer Murray. Further, even if this were not the case, the government maintains that Leon's good faith exception would apply.

Having fully reviewed the application for the search warrant and affidavit in support of that application, the Court finds that, based on the totality of the circumstances, there was a substantial basis to support the issuance of the search warrant in this case. Cory Fitzpatrick was arrested by Officer Murray for stealing and based on an outstanding warrant. After being Mirandized, he provided information to Officer Murray regarding his construction of bombs, his involvement in the manufacturing of methamphetamine, and his use of methamphetamine, including the fact that he and his brother used methamphetamine at 103 North Gregg, where they lived. The officer found several baggies of methamphetamine, several syringes, and marijuana in Cory Fitzgerald's vehicle. In his possession, the officer found thousands of matches, which Cory Fitzgerald stated were going to be used to make bombs and methamphetamine. The North Gregg residence is owned and occupied by defendant and Diana L. Cargle, who is defendant's wife. According to Officer Murray, the residence is located close to an elementary school. The officer stated that a criminal history check of defendant, his wife, and his sons all indicated that they been arrested for various offenses. Additionally, Officer Murray indicated in the affidavit that based on his personal knowledge, from being inside the residence, he knew there were multiple weapons throughout the house. Under the totality of the circumstances standard, the Court finds that there was a "substantial basis" for the probable cause determination in this case. Gates, 462 U.S. at 238. Based on the record as a whole,

the affidavit established probable cause to believe that evidence of criminal activity would be found at 103 North Gregg.

Even if that were not the case, however, Leon's good faith exception is applicable. There is nothing to suggest that the affidavit was so lacking in indicia of probable cause that the Leon good faith exception should not apply, and that the search was not lawful. It is the finding of the Court, therefore, that there was no Fourth Amendment violation in this case, and that it must be recommended that defendant's motion to suppress evidence be denied.

Further, regarding defendant's contentions that the warrant did not identify the property or person to be searched or seized with sufficient particularity, and that there was no basis to support the warrant's authorization for the officers to search any individuals or vehicles present on the search situs, the Court finds these contentions to be unsupported by the record. A review of the affidavit satisfies this Court that it adequately described the location of the property. The affidavit in support of the application for the search warrant provided a full description of the residence, the driveway leading to it, the house number affixed to it, and its location. Clearly, the property was described with sufficient particularity to satisfy the Fourth Amendment. The standard language contained in the search warrant regarding authority to search all persons and vehicles at the site does not offend the Fourth Amendment. In viewing the affidavit as a whole, the Court finds there was a substantial basis for the probable cause determination. Therefore, it must be recommended that defendant's motion on these bases be denied.

Defendant also objects to the fact that the warrant was issued as a "no knock" warrant. As the government contends, however, there were ample reasons to constitute reasonable suspicion that knocking and announcing in this case could be dangerous or lead to the destruction of evidence. The officers were aware that persons likely to be at the residence had lengthy and in some cases violent

criminal histories. Additionally, the manufacture of methamphetamine was suspected, as well as information that explosives were likely present. Officer Murray indicated, moreover, that he had seen multiple weapons in the residence. Accordingly, the Court finds that the officers were justified in seeking and executing a no knock warrant for their own safety, public safety, and to preserve evidence. Even if that were not the case, however, there is no basis to conclude that they did not rely in good faith in executing the warrant, and accordingly, Leon should apply, despite defendant's contentions to the contrary. It must therefore be recommended that the motion to suppress evidence be denied on this basis.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Suppress Evidence, including statements, should be denied.

/s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate Judge

Date: January 26, 2006