IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-03147-01-CR-S-ODS |
| | ) | |
| RANDY FITZPATRICK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

On January 26, 2006, the Honorable James C. England, Chief United States Magistrate Judge for the Western District of Missouri, issued his Report and Recommendation (the "Report") recommending that Defendant's Motion to Suppress be denied. Defendant filed timely objections on February 1, 2006, but the Government has not responded. After conducting a de novo review of the record, including the materials originally submitted to Judge England, the Court overrules Defendant's objections, adopts the Report as the Order of the Court, and denies Defendant's Motion to Suppress.

Upon being arrested, Cory Fitzpatrick (who is Defendant's brother and is not a party to this case)[1] provided the police with information about his involvement in manufacturing and using methamphetamine and constructing bombs at a residence owned by his brother and his wife. Fitzpatrick lived there as well. A search of Fitzpatrick and his vehicle uncovered several baggies of methamphetamine, several syringes, and over ten thousand matches. Officer Justin Murray of the Nixa Police Department prepared an affidavit in an effort to obtain a search warrant. The affidavit described the property to be searched and the items being searched for. Officer Murray also detailed the information Fitzpatrick provided. Finally, the affidavit detailed other

---

[1]At times, Cory Fitzpatrick has been referred to as Cory Fitzgerald. However, this appears to be a mistake.

occasions in which law enforcement officers had been to the residence and Officer Murray's knowledge that firearms were located in the house. A state judge issued the search warrant. The search uncovered firearms, marijuana, methamphetamine, and drug paraphernalia.

Defendant filed a Motion to Suppress, contending (1) the state judge did not adequately review the materials submitted by Officer Murray, (2) the affidavit did not establish the items targeted by the search were at the residence at the time of the affidavit's preparation, (3) the affidavit failed to adequately identify the place to be searched or the items to be seized, (4) the warrant was overbroad for allowing a search of persons and vehicles at the residence, and (5) exigent circumstances allowing entry without "knocking and announcing" were absent. The Report rejected these arguments and also held the officer's good faith reliance on the warrant required denial of Defendant's motion.

In his objections, Defendant contests Judge England's decision not to conduct an evidentiary hearing and asks this Court to conduct one. In addition, Defendant contends (1) the prosecutor acted improperly in seeking a federal indictment instead of proceeding in state court, (2) Officer Murray's affidavit did not adequately support the warrant, (3) the state judge conducted an inadequate review, as evidenced by the "quick, poor, and incompetent investigation done by the" police, (4) Judge England should not have relied solely on the Officer Murray's affidavit in determining whether probable cause existed, (5) the affidavit did not establish a basis for believing the items to be seized were still at the residence.

Defendant's request for an evidentiary hearing and complaint about Judge England's failure to hold one is denied. A hearing is not required, see generally United States v. Raddatz, 447 U.S. 667 (1980), and Defendant has not identified any testimony that is relevant to the legal inquiries he has presented. The validity of the warrant is to be ascertained by the supporting affidavit and the warrant itself – particularly given that Defendant does not contest the accuracy of anything contained in Officer Murray's affidavit. In fact, Defendant does not describe what relevant evidence he could offer, making the need for a hearing unnecessary. Moreover, in conducting its de novo

2

review of a Magistrate Judge's decision, a district court need not rehear evidence or agree to hear new evidence.  See generally United States v. Raddatz, 447 U.S. 667 (1980),

Defendant's arguments regarding prosecutorial misconduct are rejected.  His argument has no basis in law, but even if it did it would have no effect on the validity of the search.  Similarly, the Court rejects Defendant's arguments regarding the adequacy of the state judge's review.  Defendant has not explained his basis for believing the police conducted an "incompetent investigation," much less how this would have any bearing on the judge's review of the affidavit presented to him.

The warrant was adequately supported by Officer Murray's affidavit.  Defendant does not contest Judge England's legal conclusion that probable cause is established when it is demonstrated there is a fair probability contraband or evidence will be found in the location to be searched.  The affidavit described the statements of a resident of the place to be searched, who indicated that methamphetamine was being manufactured in the residence as well as used by at least two of the residents.  The items found on Cory Fitzpatrick's person and in his vehicle substantiated the probability, as did as a criminal background check on one of the residents (Shane Cargle) that revealed he had previously been arrested for possession of methamphetamine and distribution of controlled substances.  Officer Murray's personal observations that firearms were located in the residence justified an entry without knocking and announcing the searching officers' intentions.  Finally, even if the warrant was not supported by probable cause, Defendant offers no reason why Leon's good faith exception should not apply.

For these reasons, Defendant's objections to Judge England's Report and Recommendation are overruled.  The Report and Recommendation is adopted as the Order of the Court and Defendant's Motion to Suppress is denied.
IT IS SO ORDERED.

DATE: March 6, 2006

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT